<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

GERARD ABDEL VELASQUEZ
HERNANDEZ,

*Petitioner*,

v.

TODD BLANCHE, *et al.*,

*Respondents*.

Civil Action No. 26-7582

**ORDER**

July 7, 2026

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Petitioner Gerard Abdel Velasquez Hernandez's ("Petitioner") Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention without bond (ECF No. 1); and

**WHEREAS**, according to the Petition, Petitioner is a 20-year-old native and citizen of Honduras who has resided in the United States since approximately September 29, 2023 (*id.* ¶ 12); and

**WHEREAS** Petitioner alleges he resides with his three brothers in Lindenwold, New Jersey, has been employed in the construction industry, and has established substantial ties to the State of New Jersey (*id.* ¶¶ 13–14); and

**WHEREAS**, according to the Petition, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on or about June 20, 2026, in Mount Laurel, New Jersey, and was subsequently transferred to the Delaney Hall Detention Facility, where he remains detained (*id.* ¶¶

1, 12, 16); and

**WHEREAS** the Petition further alleges that Petitioner has no criminal record or history of violence, is not a danger to the community, is not a flight risk because he maintains a fixed residence, close family ties, and steady employment in New Jersey, and has a pending immigration proceeding with a Master Calendar Hearing scheduled for February 2, 2028, before the Immigration Court (*id.* ¶¶ 15, 17–20); and

**WHEREAS** Petitioner contends that his continued detention without an individualized bond hearing violates the Due Process Clause, that he has exhausted his administrative remedies, and that absent habeas relief he will continue to suffer an unlawful deprivation of liberty (*id.* ¶¶ 21–23); and

**WHEREAS** Respondents filed a Response to the Petition on July 6, 2026, which argues that Petitioner is in ICE detention without bond as an applicant for admission pursuant to 8 U.S.C. § 1225(b)(2) and the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025), and cites authority which they acknowledge has been rejected by several courts to reach the issue in this District,[1] (ECF No. 5); and

**WHEREAS** Respondents allege that on November 26, 2025, and May 18, 2026, Petitioner received Alternatives to Detention violations due to a missed biometric check-in and a missed in-

---

[1] *See, e.g., Marca Lemu v. Soto,* No. 25-cv-17098, 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons,* No. 25-cv-17186, 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427, 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar,* No. 25-15345, 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons,* No. 25-16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas,* No. 25-13004, 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219, 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi,* No. 25-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.,* No. 25-3328 (3d Cir. Dec. 2, 2025).

person office visit (*id.* at 2); and

**WHEREAS** Respondents have not alleged that Petitioner poses a danger to the community or risk of flight (*see* ECF No. 5); and

**WHEREAS** the Court has reviewed the Petition (ECF No. 1) and the Response (ECF No. 5) and resolves the matter on the controlling statutory framework; and

**WHEREAS** Petitioner is being unlawfully detained under 8 U.S.C. § 1225.  Petitioner was apprehended inside the United States after residing here for an extended period, and as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS** the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date.  *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" *Id.* at 366.  The Court declines

3

to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782 (E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 7th day of July 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction

4

over the matter and Petitioner may move to promptly reopen this case, at which time the Court

may take further action as appropriate; and it is further

ORDERED that the Clerk of the Court shall CLOSE this case.


*/s/ Jamel K. Semper*
HON. JAMEL K. SEMPER
United States District Judge